**Michael Lenoir SMITH,**
**Plaintiff–Appellant,**

v.

**STATE OF CALIFORNIA,**
**Defendant–Appellee.**

**No. 09–15015.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 10, 2010.[*]

Filed Aug. 30, 2010.

Michael Lenoir Smith, Corcoran, CA, pro se.

Before: O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

## MEMORANDUM [**]

Michael Lenoir Smith, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the use of California's "three strikes" law in sentencing him violated his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court properly concluded that Smith's claims may not be pursued as

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

part of a § 1983 action. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

To the extent Smith challenges the Supreme Court's decision in *Heck,* we are bound to follow that decision until it is explicitly overruled by that Court. *See Agostini v. Felton,* 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (lower courts should " 'leav[e] to this Court the prerogative of overruling its own decisions' "). To the extent Smith makes a facial challenge to California's "three strikes" law, and has standing to do so, the Supreme Court has upheld California's "three strikes" law against constitutional challenge, *see Ewing v. California,* 538 U.S. 11, 24–28, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), and we are bound by that decision, *see Agostini,* 521 U.S. at 237, 117 S.Ct. 1997.

**AFFIRMED.**